UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAMAR CONTRACTORS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1336** |
| **ROLLING PLAINS CONSTRUCTION, INC.** | **SECTION "K"(4)** |

## ORDER AND OPINION

Before the Court is the "Motion for Stay of Judgment and for Approval of Supersedeas Bond" filed on behalf of Plaintiff Lamar Contractors, Inc. ("Lamar") (Doc. 61). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion and approves the supersedeas bond.

### Background

Lamar, the general contractor for the construction of the Student Recreation Center at Nichols State University, filed a suit for breach of contract against Rolling Plains Construction, Inc. ("Rolling Plains"), the alleged fireproofing subcontractor on the Nichols State project. The Court granted Rolling Plains' motion for summary judgment and entered judgment dismissing plaintiff's suit with prejudice at plaintiff's cost. (Doc. 50, 51). Thereafter plaintiff filed a timely notice of appeal "from the Judgment entered in this action on the 14th day of June, 2012 granting the Motion for Summary Judgment filed by the defendant, **Rolling Plains Construction, Inc.** and dismissing, with prejudice, the action of plaintiff, **Lamar Contractors, Inc.**" (Doc. 52).

Thereafter Rolling Plains filed a bill of costs. After briefing by the parties, the Clerk of Court assessed $5,671.54 in costs against Lamar. Plaintiff did not appeal that determination to this Court, nor did it file a second notice of appeal. Lamar did however file this "Motion for Stay of

Judgment and for Approval of Supersedeas Bond" (Doc. 61).

Law and Analysis

The Supreme Court opined that "[w]ith respect to a case arising in the federal system it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d) and 73(d) . . .." *American Manufactures Mutual Insurance Co. v. American Broadcasting-Paramount Theaters, Inc.*, 87 S.Ct. 1, 3 (1966).[1] Rolling Plains urges that a stay is inappropriate because "Lamar has not appealed the taxation of costs." Doc. 64, p.2. Defendant's position lacks merit.

Relying on *Armour v. Knowles,* 512 F.3d 147 (5th Cir. 2007), Rolling Plains asserts that "[a]n appeal from a final judgment preserves only prior orders intertwined with the judgment." Doc. 64, p. 2. In *Armour* the district court granted defendant's motion for summary judgment, and plaintiff thereafter filed a timely notice of appeal. After the district court granted summary judgment defendant filed a motion for costs and attorney's fees. The district court then awarded costs to defendant, and the next day plaintiff filed a motion for reconsideration which the district court denied. Plaintiff did not file a separate notice of appeal objecting to the cost award. In dismissing the appeal of the order awarding costs for want of jurisdiction the court of appeals stated:

> [A]n appeal from a final judgment sufficiently preserves all *prior orders* intertwined with the final judgment, even when those prior orders are not specifically delineated in the notice of appeal. While an issue initially raised in a *post-judgment* motion may be preserved for appeal, it cannot be considered by this court unless the judgment or order disposing of it is properly noticed for appeal." The district court issued its order on costs almost two months after issuing its

---

[1] Federal Rule of Civil Procedure 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay [of the judgment appealed from] by supersedeas bond" except in certain types of cases not at issue here.

2

> summary judgment order. Because the order on costs was a post-
> judgment order and not a prior order, it cannot be challenged without
> a separate notice of appeal."

*Armour v. Knowles*, 512 F.3d 147, 156 (5th Cir. 2007)(internal quotations and citations omitted). Factual distinctions in *Armour* render it inapposite. In *Armour* the order granting summary judgment did not include an award of costs; costs were not awarded until after the plaintiff filed a notice of appeal. Therefore, plaintiff never appealed the cost award. In contrast, here the judgment appealed from dismissed both plaintiff's claims and assessed costs against the plaintiff. Therefore, plaintiff's appeal of that judgment included an appeal of the assessment of costs, even though the amount of the costs had not yet been determined. That appeal is sufficient given that Lamar is not challenging the specific amount of costs awarded, but rather is challenging only the grant of the motion for summary judgment and the related assessment of costs against it.

Rolling Plains further contends that plaintiff has waived its right to challenge the cost assessment because it failed to file a motion requesting that this Court review the clerk of court's assessment of costs. In *Carter v. General Motors Corporation*, 983 F.2d 40, 40 (5th Cir. 1993) the Fifth Circuit concluded that where the party against which costs were assessed challenged only its liability for costs and not the amount of the costs, the party objecting to the assessment of costs "was not required to seek district court review of the clerk's taxation of costs to appeal its *liability* for costs, because that court had already determined [that party's] liability." *Carter* controls here. Thus, Rolling Plains' waiver contention lacks merit.

Because Lamar properly appealed the imposition of costs, it is entitled to a stay of the execution of the judgment entered June 14, 2012 upon the posting of a proper bond. Defendant does not challenge either the quantum of the bond or the bond itself. The Court finds that the bond, as

3

submitted, provides defendant with adequate protection with respect to the future payment of the assessed costs. Accordingly,

**IT IS ORDERED** that the "Motion for Stay of Judgment and for Approval of Supersedeas Bond" filed on behalf of plaintiff Lamar Contractors, Inc. (Doc. 61) is GRANTED.

New Orleans, Louisiana, this 18th day of October, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE